Judge Owsley
delivered the opinion of the Court.
Davt brought an action of debt, in the name of the Commonwealth, against Stockton and sureties, upon the official bond which was entered into by Stockton, as sheriff of .Cumberland county. The bond is in the usual form, and after being set out in the declaration, a breach of the condition is alleged by the relator Davy, in Stockton’s having, as sheriff aforesaid, improperly and illegally levied upon the property of said Davy, an execution which had issued against the estate of Thomas M. Emmers.on, and after 'making said levy, having, by his deputy, Henry Gilbreth, unlawfully and contrary tp the duties of his office, actually sold the said property, to satisfy said execution &c.
Demurrer sustained by the circuit court.
Sheriff is liable for any il, legal act of his deputy or or bailiff com? mitted under colour of laiv pfocess,
Person on whose property sheriff levies an execution against another, may have an action for his use, on the sheriff’s official bond, against him and his sureties.
Mayes, for plaintiff.
Stockton and his sureties demurred to the declaration, and the demurrer being joined, judgment was rendered by the court in their favor.
The correctness of the decision upon the demurrer, forms the only inquiry for this court, in deciding the present contest. In point of form, the declaration is well drawn, and contains .every allegation necessary, tp shew a good cause of action, if in point of law, an action is maintainable upon the official bond of a sheriff, for the act of a sheriff or his deputy, in taking, by color of an execution against the estate ,pf one person, the property of another who is neither party or privy to the execution. It is unquestionably true, that for any illegal act which may be done, either by the sheriff or his deputy, by cojor of legal process, the sheriff is liable in his .official .capacity, t<? the person injured, whether that person be party to the process or a stranger. If is upon this principle, that actions have been frequently sustained against sheriffs for fhe acts of their baijiffs, in taking by color of executions the property of strangers. 3 Starkje Evi. 1354, 3 Wilson R. 309, 1 Wash. 90, 7 John R. 35.
If, therefore, the prjncjple of law be as we have assumed it to be, and as it has been repeatedly adjudged to be, it follows conclusively, we apprehend, under the statute of this country, that for any illegal abuse of the process of law, the person injured, whether party to the process or a stranger, is at liberty to sue the sheriff, and may sustaip an action upon the bond against him and his sureties. The condition of the bond, is sufficiently comprehensive to embrace every official duty of the sheriff, and must be construed so as to authorise an action .thereon, against him and his sureties in every case where an action could be maintained .against him in his official character.
The demurrer ought, therefore, to have been overruled. The judgment must be reversed with cost, the cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion.